Matter of Hamilton and Deane.

---

## SUPREME COURT.

In the Matter of CHARLES HAMILTON and JOHN M. DEANE.

*Certiorari* — *not allowable before final order is made* — *What is a final order under the statute (Laws of 1879, chapter 307) " to provide for the summary investigation of unlawful or corrupt expenditures by officers of towns," &c.*

A writ of *certiorari* should not be allowed before a final order is made.

The defendants are railroad commissioners of the town of Cobleskill, in the county of Schoharie, and proceedings were taken against them under chapter 307 of the Laws of 1879, entitled "An act to provide for the summary investigation of unlawful or corrupt expenditures by officers of towns or incorporated villages, and for restraining the same." Objection was made to such proceeding on the ground that they were not town officers, and, therefore, not amenable to the provisions of said act. This objection was overruled and they were directed to account.

*Held*, that the order directing the investigation to proceed was not a final order. The final order to be made is one "restraining and prohibiting such unlawful or corrupt expenditure, appropriation, squandering or waste of such moneys" (these which came into their hands as officers

Matter of Hamilton and Deane.

of the town) "under penalty, for disobedience, of fine or imprisonment, or both, in the discretion of the court."

The final order must be that which ends the proceeding, and cannot be any of these, which must be made during progress.

*Ulster Special Term, December*, 1879.

MOTION to quash a writ of *certiorari*.

*Henry Smith*, for motion.

*R. W. Peckham*, opposed.

WESTBROOK, *J.* — Hamilton and Deane are railroad commissioners of the town of Cobleskill, in the county of Schoharie. Proceedings were taken against them under chapter 307 of the Laws of 1879, before WILLIAM L. LEARNED, one of the justices of this court. Objection was made to such proceeding on the ground that they were not town officers, and, therefore, not amenable to the provisions of said chapter 307 of the laws aforesaid. This objection was overruled, and the parties were directed to account. At this point a writ of *certiorari*, removing the proceedings into this court, was allowed, *ex parte*, by the judge writing this opinion, which writ the present motion seeks to quash.

The point which is made by the moving parties is, that the writ should not be allowed before a final order is made, and that such final order had not been granted when such writ was allowed. The counsel for Messrs. Hamilton and Deane, conceding the law to be that a *certiorari* will only be allowed upon a final order, nevertheless, claim that a final order has been made. The question which the motion presents is, was the order directing the investigation to proceed a final order?

A reference to the statute, which is entitled "An act to provide for the summary investigation of unlawful or corrupt expenditures by officers of towns or incorporated villages, and for restraining the same," will show that the final order

to be made is one " restraining and prohibiting such unlawful or corrupt expenditure, appropriation, squandering or waste of such moneys" (these which came into their hands as officers of the town), "under penalty for disobedience of fine, or imprisonment, or both, in the discretion of the court." The final order must be that which ends the proceeding, and cannot be any of these which must be made during progress. It has, however, been ingeniously argued that the order directing the account is the final one, and that the one to be made, after the investigation has been had, is in the nature of a proceeding after final judgment, and hence that a review and reversal would be like the review of a judgment after sentence has been executed. This argument, it seems to me, is unsound. The object of the statute was to enable a justice of the supreme court, in a summary manner, to restrain certain public officers from misappropriating moneys in their hands, which belong to the municipality of which they are officers. The proceeding is a single one. Upon proper application the investigation must proceed, and the order founded upon the investigation, as it *ends* the proceeding, must be the *final* one, *i. e.*, the last and closing one to be made therein.

Neither, as was also urged, does this conclusion work any injustice to the parties who obtained the *certiorari*. If they are willing to be restrained, pending the prosecution of the writ, from receiving any more moneys belonging to the town, and from disposing of any money or property belonging to it, a restraining of doubtful validity, they ought not to be unwilling to submit to an investigation of their accounts, the only result of which can be an order restraining them from doing some act which they ought not to do.

Motion to quash granted, the costs of motion to abide the event of the investigation, and to be awarded by the judge before whom the same is pending.