manufacture, sought to be elicited by the defendant, was immaterial, and properly excluded.

Exceptions were taken to the admission in evidence of letters written by Brintzinghoffer to the plaintiffs, relative to this transaction, at the time of making the contract, upon the ground that there was, at the time of the admission, no proof of authority to bind the defendant. We think that no error was committed in this regard. The matter had to do with the order of proof, which was within the discretion of the trial court; and, moreover, the question was one which did not depend upon original authority alone, since, by ratification, these acts of the agent, within the course of the transaction, could have become binding upon the defendants, and proof in that regard was afterwards forthcoming. The admission of the evidence, although unsupported by proof of authority at the time, was therefore not error, such as could call for a reversal of the judgment. Rogers v. Murray, 110 N. Y. 658, 18 N. E. 261; Smith v. Dodge (Sup.) 3 N. Y. Supp. 866.

The court properly admitted in evidence the "Cigar List," or catalogue, issued by the defendant to the trade, and mailed by Brintzinghoffer to the plaintiffs, containing a mention of this particular brand of cigars as being stock and for sale at retail. This paper was fully identified by the witness as being the printed catalogue issued by the defendant, and it was material in so far as it tended to show the latter's admission of the receipt and acceptance of the goods.

The other numerous exceptions taken by the appellant to rulings upon evidence have been examined, and are not found to call for individual discussion. In the majority of cases they were taken to discretionary rulings, and in no case is prejudicial error apparent.

The judgment must be affirmed, with costs. All concur.

---

(18 Misc. Rep. 336.)

RAND v. MASSACHUSETTS BEN. LIFE ASS'N.

(Supreme Court, Trial Term, New York County. October, 1896.)

INSURANCE—TRANSFER OF RISKS—RECOVERY OF PREMIUMS.

The prohibition contained in the general insurance statute of Massachusetts, approved April 21, 1885 (section 10), that "no corporation doing business under this act shall issue a certificate or policy upon the life of any person more than sixty years of age," does not apply to the transfer of risks from one company to another, or to reinsurance of such risks by the latter corporation, a general power to transfer being given in section 7 of said statute; and persons over 60 years old accepting such reinsurance, and making payments thereunder, cannot recover money so paid.

Action by William J. Rand against the Massachusetts Benefit Life Association to recover money paid on an insurance policy. Judgment for defendant.

David K. Case, for plaintiff.
J. K. Hayward, for defendant.

DALY, P. J. The case is submitted to me upon an agreed state of facts, by which it appears that the plaintiff's assignor, Mr. Gibson,

was originally insured in the Security Mutual Benefit Society of New York, which society, about the month of September, 1889, was consolidated with the defendant company upon an agreement that the members of the Security Society should exchange their policies for defendant's policies, the same as if they had originally taken their insurance in the defendant company. Mr. Gibson made a transfer application under the consolidation, and received from the defendant, on or about September 10, 1889, the policy which is the subject of this action, and has paid to the defendant company, for annual dues and assessments upon call, various sums, amounting to $934.67, up to about January 1, 1896, at which time his policy lapsed, for nonpayment of a note given by him for a bimonthly assessment.

This action is brought by the plaintiff, as assignor of Gibson, to recover from the defendant all of the sums so paid, upon the claim that the policy issued by the defendant to Gibson was void from the beginning, as being contrary to a statute of Massachusetts, which at that time forbade the companies organized under its laws from insuring persons over 60 years of age. The prohibition is contained in the general insurance statute of Massachusetts, approved April 21, 1885 (section 10), declaring that:

"No corporation doing business under this act shall issue a certificate or policy upon the life of any person more than sixty years of age. * * *"

The question in this case is whether the prohibition contained in the act affects Mr. Gibson's policy. By the same insurance statute it was provided (section 7):

"No corporation organized under the laws of this state shall transfer its risks to, or reinsure them in, any other corporation, unless the said contract of transfer or reinsurance is first submitted to and approved by a two-thirds vote of a meeting of the insured, called to consider the same, of which meeting a written or printed notice shall be mailed to each policy or certificate holder at least ten days before the date fixed for said meeting; and in case said transfer or reinsurance shall be approved, every policy or certificate holder of said corporation who shall file with the secretary thereof, within five days after said meeting, written notice of his preference to be transferred to some other corporation than that named in the contract, shall be accorded all the rights and privileges, if any, in aid of such transfer as would have been accorded under the terms of such contract had he been transferred to the corporation named therein."

It appears, therefore, that, by the same statute which prohibits the insurance of persons over 60 years of age, a general power was given under certain conditions (having no reference to age) to transfer risks from one insurance company to another, and for reinsurance of such risks by the latter corporation. It is not questioned but that the defendant corporation had full power and authority to consolidate with the Security Company, to take a transfer of the latter's risks, and to reinsure them, and I am clearly of the opinion that in such a case the absorbing corporation is not required to refuse the transfer of risks of the other company because the insured in such risks happen, at the time of the consolidation, to be over 60 years of age. In this case, when Mr. Gibson became a policy holder in the Security Company, he was under that age, although at the time of the consolidation he had passed it.

The authority for consolidation, or transfer of risks from one com-

pany to another, and reinsurance of such risks, is general. The statute contemplates the reinsurance of every policy or certificate holder who may consent to transfer to the absorbing company. That is apparent from the provision that every policy or certificate holder who shall prefer to be transferred to some other corporation may file with the secretary written notice of such preference, in which case he is to be accorded all the rights in aid of such transfer as would have been accorded under the terms of such contract of consolidation had he been transferred to the corporation named therein. In authorizing such consolidation or reinsurance, the legislature must have contemplated the existence of policies the subject of which might be over 60 years of age at the time of such consolidation; and, had it been intended to exclude from the agreement of transfer and reinsurance such risks, it would undoubtedly have been expressly declared. The absence of any such provision in the authority for consolidation or transfer of risks clearly indicates an intention to except from the general prohibition against insuring subjects over 60 years risks already existing at the time of consolidation. Plaintiff's assignor stands in such a position. He held a policy in the Security Company, which he had taken out at the age of 54 years, and was a member in good standing when he was invited by the defendant to apply for reinsurance under its agreement of consolidation with his company. Under the statute, he had his option to accept reinsurance with the defendant, or to be transferred to some other corporation; and nothing in the act indicated that his policy was to be excluded from the benefit of consolidation because he had passed the age limit at which original insurance might be effected in a Massachusetts company.

It is suggested that, as a subsequent amendment to the general insurance law (chapter 421, Acts Mass. 1890) provides, in case of transfer or reinsurance, the limit of age shall not apply to members who have reached 60 years since their membership began, the original act could not have had that meaning. This does not follow. If subsequent legislatures see fit to make clearer what their predecessors left obscure, ambiguous, or doubtful, the courts are not thereby relieved of the duty, nor deprived of the power, of deciding what the statute in its unamended form intended. After the act is framed, the function of the legislature is performed, and that of the court begins. To allow subsequent legislatures, directly or by inference, to determine the meaning of earlier acts, might impair contractual obligations entered into between the first statute and the amendment. The plaintiff's policy issued by the defendant under the circumstances detailed appears to have been authorized, and the assessments and dues under it properly levied and received by the defendant, and they cannot therefore be recovered back upon the claim made in this action.

Judgment for defendant, with costs.