LYMAN, State Excise Com'r, v. McGREIVEY.

(Supreme Court, Appellate Division, Third Department. January 20, 1898.)

1. INTOXICATING LIQUORS—TAX—POPULATION—HOW SHOWN.

Laws 1896, c. 112, § 11, assesses excise taxes upon the business of trafficking in liquors, the sums varying according to the size of the city or village in which the business is conducted, the question of population to be determined by the last state census, and, if that does not show, by the last United States census. *Held*, that resort could not be had to any other evidence than the one or the other census to show the population, and hence a certificate of the chief of the United States census division, containing a statement, as nearly correct as could be ascertained from the population schedules, of the population of a village not shown by either census, was not competent.

2. SAME—EXCISE COMMISSIONER—RECOVERY OF TAX.

Laws 1896, c. 112, § 13, provides that all taxes assessed upon the business of trafficking in liquors, except taxes assessed in counties containing a city of over 1,500,000 people, and on a business conducted on a railroad, steamboat, or other vessel, which taxes are to be collected by and paid to the state excise commissioner or his deputies, shall be paid to the county treasurer of the county in which the business is carried on. *Held*, that the state excise commissioner had no right of action to recover a tax assessed upon a business conducted in a county not containing a city of 1,500,000 or more population.

Appeal from trial term.

Action by Henry H. Lyman, as state excise commissioner, against John C. McGreivey. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Nussbaum & Coughlin, for appellant.
Thomas O'Connor and J. W. Houghton, for respondent.

LANDON, J. Prior to May 1, 1896, the plaintiff stated, pursuant to clause 7 of section 15 of the liquor tax law (chapter 112, Laws 1896), the amount of the tax assessed upon the business of trafficking in liquors in the village of Waterford, Saratoga county, under class 1, subd. 1, § 11, of the act, at $200, assuming, for the purpose, that the population of the village was more than 1,200 and less than 5,000. The act itself makes the assessment. Section 11 provides:

"Excise taxes upon the business of trafficking in liquors shall be of four grades and assessed as follows." Then follow in four subdivisions specifications of each grade or class, respectively, and in each subdivision these words are used, "There is assessed an excise tax to be paid by," etc., and then the various sums assessed as to each grade are fixed at sums varying in cities and villages according as the population in each is shown by the last state census to be between the larger and smaller numbers specified in each case. With respect to the case before us, the first subdivision of section 11 declares the assessment to be: "If in a village having by said census a population of less than 5,000 but more than 1,200, the sum of two hundred dollars: if in any other place, the sum of one hundred dollars." The section further provides that: "When the population of a city or village is not shown by the last state census, it shall be determined for the purposes of this act by the last United States census." The defendant contended that the statement made by the plaintiff of "the amount of the tax assessed" (clause 7 of section 15) was erroneous, since the population of the village of Waterford was not shown by either by the last state census or by the last United States census, and therefore that the amount assessed by the act was $100. Section 12 of the act provides that "the several amounts to be paid under this act are assessed yearly commencing on the first day of May, 1896, and shall be paid yearly on the first day of May of each year." Accordingly, on May 1, 1896, the defendant paid the county treasurer of Saratoga county $100 for a liquor tax certificate, and in every other respect complied with the terms of the act. The plaintiff thereafter stated the amount of the tax assessed at $100, revoking his former statement of $200, and then advised the county treasurer to accept the sum of $100, and issue the certificate to the defendant, and the county treasurer did so May 26, 1896. Subsequently, upon examination of the enumerators' original returns of the last United States census for the districts embracing the town and village of Waterford, the plaintiff concluded that the United States census did show that the population of the village of Waterford was more than 1,200 and less than 5,000, and thereupon, in December, 1896, he stated "the amount of the tax assessed" at $200 for the year commencing May 1, 1896, and then instructed the county treasurer to give the defendant notice, and to demand the unpaid balance of the $200. This the county treasurer did. The defendant refused to pay the additional $100. The treasurer demanded a return of the tax certificate. This the defendant refused. The plaintiff thereupon caused a notice of a lien for $100 to be filed with the clerk of the town of Waterford upon the property of defendant in the premises where he carried on his liquor traffic, assuming to act under section 12, and then commenced this action to foreclose the lien.

We think the judgment in favor of the defendant should be affirmed. The trial court found that the population of the village of Waterford is not shown by either the last state or federal census. It was conceded that it is not shown by the last state census. It was not shown by the United States census. It is clear, from an inspection of the enumerators' returns, that it is not determinable from

them except by resort to extrinsic evidence, and the extrinsic evidence offered leaves the matter in uncertainty. The state assumes that one census or the other will show the population of the several villages, and itself assesses the tax accordingly. It does not vest the plaintiff with the power to make the assessment, but only the power to state the amount which the statute assesses. If either census fails to give the total of the population, but gives the data from which the total can be computed, then the census affords the necessary evidence of the determination by it. But it may be doubted whether the enumerators' returns are the census. They furnish the data from which it is made, but are not themselves the finished product. Be that as it may, the statute does not give the plaintiff any power of determining the population except in the single case "of the incorporation of a new city or village," when "the state commissioner of excise is authorized and directed to cause an enumeration of the inhabitants to be taken in such city or village." Section 11, subd. 4. This shows the extent of his power in this respect.

The plaintiff offered, and the court excluded, a certificate, made December 16, 1896,—7½ months after defendant paid the $100,—by George S. Donnell, "chief of census division, department of the interior," "that the paper hereto attached is a statement as nearly correct as can be ascertained from the population schedules of the population according to the census of 1890 of the towns and villages named therein." The paper thereto attached stated the population of the village of Waterford to be 4,251. The official character of Mr. Donnell was duly certified. The statute assessed the tax on or before May 1, 1896. This certificate had no existence then, and therefore was then no part of the census. If admissible, the certificate is valueless as evidence, because the statement that it is as nearly correct as can be ascertained from the schedules leaves the degree of its correctness unknown. But this certificate of the chief of the census division is not the census itself, but only his declaration of what he thinks is the best information he can extract from the population schedules. It is not a certified copy of any paper, and therefore not admissible as such, under section 882 of the United States Revised Statutes, or section 944, Code Civ. Proc. The trial court properly excluded the certificate, and properly held that resort could not be had to any other evidence than one or the other census to show the population of the village. People v. Medberry, 17 Misc. Rep. 8, 39 N. Y. Supp. 207. The defendant paid the tax which the statute assessed, and no larger sum could be lawfully required of him.

The objection was taken by defendant's answer and upon the trial that the plaintiff has no legal capacity to sue or recover if any cause of action against the defendant exists, but that the same is vested in the treasurer of Saratoga county, and in him only. We think the point well taken. There is no express authority conferred upon the plaintiff to bring such an action as this, and the scheme of the act shows that none is implied. Section 11 fixes the amount to be paid for tax licenses in the various localities. Section 13 provides that:

"The taxes assessed and all fines and penalties incurred under this act in counties containing a city of the first class shall be collected by and paid to

the special deputy commissioner for such county, and in all other counties to the county treasurer of the county in which the traffic is carried on, except that the taxes assessed under subdivision four of section eleven of this act, and all fines and penalties in connection therewith, shall be collected by and paid to the state commissioner of excise, and by him to the state treasurer."

The exception refers to licenses for the sale of liquor on railroads, steamboats, and other vessels, the revenues from which belong to the state, whereas only one-third of the revenues collectible by the county treasurer belong to the state; two-thirds thereof belong to the town or city in which the traffic is carried on. The county treasurer must pay them over accordingly. Sections 14, 17, 19, 20, 25, 29, and 36 are framed in harmony with the scheme that the county treasurer is the collector of the assessments and penalties. There are two sources of revenue under the act: One, the taxes assessed by the act itself; and the other, the penalties, fines, and forfeitures for its violation. These are imposed by the court upon the conviction of the offender. The taxes, except in cities of the first class, and upon railroads and vessels, are collectible in the first instance by the county treasurer. The penalties are also payable to and collectible by him. It is true that section 36 provides that upon conviction and sentence, if a fine or penalty be imposed, a judgment for the amount thereof shall be docketed in favor of the commissioner of excise against the offender. But, if the fine be paid into court, or collected by the sheriff upon execution, it shall be paid to the county treasurer. This case does not involve a fine, penalty, or forfeiture, but it is instructive to notice that these also come to that officer first or last. Incidental to his power to collect the tax is the power to prosecute such civil actions and remedies as are appropriate for the purpose, upon the principle that the right carries with it the remedy.

The judgment should be affirmed, with costs. All concur.