In re McGRIEVY et al.

(Supreme Court, Appellate Division, Third Department. January 17, 1899.)

1. INTOXICATING LIQUORS—POPULATION OF TOWNS—HOW DETERMINED.

Laws 1896, c. 112, § 11 (Liquor Tax Law), as amended by Laws 1897, c. 312, requires a tax on the business of selling intoxicating liquors fixed, as to amount, according to the population of the place where carried on, and provides for a determination of the population by the last state census, and, if not shown by that, by the last United States census, and, if shown by neither, the excise commissioner may cause an enumeration to be made, if he has any doubt as to a town's population, as affecting the amount of the tax. *Held*, that the commissioner has no power, in the absence of an enumeration, to increase the tax in a town according to his own idea of its population.

2. SAME—"STATE CENSUS."

An enumeration of the inhabitants of a town by its trustees in pursuance of Village Law, § 310 (Laws 1897, c. 414), is not the last state census, within the meaning of Liquor Tax Law, § 11.

Appeal from special term, Saratoga county.

Appeal by Bartlett B. Griffin, as county treasurer, etc., from an order of a justice of the supreme court, made upon the return of a writ of certiorari issued in pursuance of section 28 of the liquor tax law (Laws 1896, c. 112), on petition of John McGrievy and others, directing that said treasurer issue to each of the applicants a liquor tax certificate, under the provisions of subdivision 1 of section 11 of the liquor tax law, on the payment by each of the sum of $100, upon filing their application and bond. It was claimed by the applicants that neither the state nor the United States census showed the population of the village of Waterford, where the business of the applicants was to be carried on. There had been no separate enumeration by the state commissioner of excise. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Nussbaum & Coughlin, for appellant.

J. W. Houghton and Thos. O'Connor, for respondent.

MERWIN, J. The views of this court in Lyman v. McGreivey, 25 App. Div. 68, 48 N. Y. Supp. 1035, sustain the order appealed from, unless certain legislation in 1897 calls for a different result. Subdivision 1 of section 11 of the liquor tax law fixes the amount of excise tax upon a certain kind of traffic according to the population, as indicated by the last state census, of the place where the traffic is carried on. After fixing the rates in cities or villages having a population of $5,000 and upward, the statute provides that, if the traffic is carried on in a village having by said census a population of less than 5,000 but more than 1,200, the tax is $200, and, if in any other place, $100. It was further provided in section 11, as originally enacted, that "when the population of a city or village is not shown by the last state census, it shall be determined for the purposes of this act by the last United States census, and if not so shown by reason of the incorporation of a new city or village, the state commissioner of excise is authorised and directed to cause an enumeration of the inhabitants

to be taken in such city or village." The clause last quoted was amended by chapter 312 of the Laws of 1897, so as to read as follows: "When the population of a city or village is not shown by the last state census, it shall be determined for the purposes of this act by the last United States census, and if not shown by reason of the incorporation of a new city or village, or by reason of not having been separately enumerated, the state commissioner of excise is authorised and directed to cause an enumeration of the inhabitants to be taken in such city or village, if the commissioner has any doubt as to the number of the population as affecting the amount of the excise tax assessed thereon." It is claimed by the appellant that, under the act as amended, the state commissioner of excise, if he has no doubt as to the population, may fix the tax at an increased rate, although no separate enumeration has been made that would authorize it. Acting upon that theory, the state commissioner, having, as he says, no doubt that the population of the village of Waterford, where the business of the applicants was carried on, was more than 1,200, fixed the tax at $200, and so certified to the appellant, and the appellant thereupon refused to issue a certificate, unless such sum of $200 was paid. The amendment vests in the commissioner a discretion as to whether or not he will make an enumeration, but it does not give him power, in the absence of an enumeration, to increase the tax according to his own idea of the population. An arbitrary power of that kind, if it can be given at all, needs to be given in express language. In Re Steenburgh, 24 Misc. Rep. 1, 53 N. Y. Supp. 197, this question was quite fully and satisfactorily discussed, and need not be further discussed here. We think that the contention of the commissioner in this regard should not prevail. It is further claimed that an enumeration of the inhabitants of the village of Waterford, taken, under the direction of the board of trustees of the village, in the month of January, 1898, in pursuance of section 310 of the village law (Laws 1897, c. 414), should be deemed the last state census, and justified the action of the commissioner, as it indicated a population exceeding 1,200. We are of the opinion that the enumeration of the trustees of the village under the village law is not "the last state census," within the meaning of section 11 of the liquor tax law. It follows that the order should be affirmed.

. Order affirmed, with $10 costs and disbursements. All concur.