Supreme Court, Onondaga County, April, 1898. Unreported.

PEOPLE ex rel. HENRY H. LYMAN *v.* AMERICAN SURETY COMPANY, Impleaded with THOMAS R. BOONE.

WATSON M. ROGERS, Referee: This action was begun March 8, 1897, and is to recover upon a bond filed with the County Treasurer of Onondaga county, pursuant to section 18 of the Liquor Tax Law — the holder of the liquor tax certificate having suffered his premises to become disorderly, contrary to one of the conditions of the bond. The party plaintiff is designated in the title of the action " The People of the State of New York ex rel. Henry H. Lyman, State Commissioner of Excise."

The answer of the defendant American Surety Company sets up a defect in the party plaintiff, that the bond was made to the People of the State and not to the plaintiff; that it is not brought by the county treasurer, nor by a special deputy commissioner of excise; and that the plaintiff has no capacity to sue.

The defendant's counsel insists that these defenses are all good; but the plaintiff's counsel urges they have been waived by failing to demur, (Code, § 488; *People* v. *Lamb*, 85 Hun, 171); and, without so admitting, says that if good, they are not available.

Certain persons as infants, idiots, lunatics, &c., cannot sue except by guardians, committees, &c., and this is said to be what is meant by want of capacity to sue (*Bank of Havana* v. *Magee*, 20 N. Y. 355-359). Assuming there be capacity to sue or a want of it, which has been waived, nevertheless, the cause of action must belong to the party prosecuting (*Davis* v. *The Mayor*, 14 N. Y. 506, 527; *Mosselman* v. *Caew*, 1 Thompson & Cook, 171-173); — he must be the " real party in interest " unless acting in a

representative capacity (Code, § 449); and, ordinarily, when an instrument is under seal, no person can sue or be sued to enforce its covenants who is not named as a party to it. (*Henricus* v. *Englert,* 137 N. Y. 488.)

What interest has the plaintiff in this action, and where is the authority to sue?

The action was begun March 8, 1897. The Liquor Tax Law (Laws of 1896, Chap. 112) was then in its original form. The plaintiff's rights must be determined by the statute as it then was.

Section 18 of the act provides that an applicant for a liquor tax certificate "shall give a bond to the People of the State of New York, in the penal sum of twice the amount of the tax for one year, upon the kind of traffic in liquor to be carried on by such applicant, where carried on, but in no case for less than $500 conditioned, that if the tax certificate applied for is given, the applicant or applicants will not while the business for which such tax certificate is given shall be carried on * * * permit such premises to become disorderly, and will not violate any of the provisions of the Liquor Tax Law."

This section makes no provision for suit for a breach of the conditions of the bond, nor is any disposition made of the recovery that may be had for such breach.

By section 36, entitled "Collection of Fines and Penalties and Forfeiture of Bonds" it is provided, that upon the conviction and sentence of any party holding a liquor tax certificate for a violation of the provisions of the act, the penalty for which is prescribed in sections twenty-eight, twenty-nine and thirty-four thereof, the court or officer imposing such sentence, or the clerk of the court, if there be a clerk, shall forthwith make and file in the office of the clerk of the county in which such conviction shall have been had, a certified statement of such conviction and sentence, and the clerk of the court shall, immediately thereupon, enter a judgment in his office for the amount of the penalty or fine, and costs, imposed against the party so convicted "*and in favor of the state commissioner of excise.*" Provision is then made for the issue of an execution and payment of the moneys collected upon the execution to the county treasurer or special deputy commissioner. It further provides: "In case such judgment debtor or debtors shall have given the bond provided for in section 18 of this act, such county treasurer or *special deputy*

22

*commissioner,* may proceed to collect the amount of such judgment, together with the costs of collection from the sureties on such bond, by due process of law."

So that under the last-mentioned section, the People cannot, nor the state commissioner of excise, notwithstanding the judgment is in his favor, prosecute the bond for collection of the judgment.

If the People, or State Commissioner of Excise can sue the bond for breach of the conditions mentioned in section 18, and the county treasurer or special deputy commissioner for the judgment, under section 36, the same sureties may be subjected to the annoyance of two actions by different parties on the same bond, and at the same time. If one should prosecute to judgment and execution, would payment of the execution be such a satisfaction as to diminish, or wholly defeat the recovery by the other?

At the best, confusion, and perhaps injustice, would follow a construction giving the People or State Commissioner of Excise, or both, power to maintain the action.

So far as I am able to discover, the act itself nowhere, by express terms, gives the People, the State Commissioner of Excise, or the People on the relation of the State Commissioner of Excise, authority to prosecute any action.

That the State Commissioner of Excise cannot enforce the lien given by section 12 has recently been decided. (*Lyman* v. *McGrievey,* 25 App. Div. 68.)

The People cannot sue without title (*People* v. *Ingersoll,* 58 N. Y. 1); nor except where enabled to do so by some statute. (*People* v. *Bellknap,* 58 Hun, 241.)

Penalties are provided for violations of the act, and " wilful " violations for which no penalty or punishment is otherwise prescribed, are made misdemeanors. (Section 42.)

Offenders may be prosecuted and tried as for crimes. (Sections 30, 33, 34, 35.)

It seems to me, then, that there is no authority in the original act, either express or implied, to the people on the relation of the State Commissioner of Excise to maintain an action on the bond, provided in section 18. This, probably, is a defect in the statute, as prior and subsequent legislation, regarding excise, has been explicit on this subject.

The Excise Law of 1857, (Chap. 628, Laws of 1857) required

the applicant to give a bond (§ 7) and named a party to sue for its breach.    (§ 24; *People* v. *Groat*, 22 Hun, 164.)

The amendments to the Liquor Tax Law passed April 20, 1897, (Laws of 1897, chap. 312) leave no uncertainty as to the proper party now to bring suit.

The amendment to section 18 gives authority to the State Commissioner of Excise " to commence and maintain an action in his name, as such commissioner, in any court of record in any county of the State, for the recovery of the penalty for breach of any condition of any bond, or for any penalty or penalties, incurred or imposed, for a violation of the Liquor Tax Law, and all moneys recovered in such actions shall be paid over and accounted for in the same manner as are moneys collected under subdivision 4 of section 11 of this act "; that is, all moneys recovered shall be paid to the State Commissioner of Excise, and by him to the State Treasurer.   (Sec. 11, subdivision 4, sec. 13.)

Section thirty-six is also amended by taking away from the county treasurer and special deputy commissioner power to sue, and conferring it upon the State Commissioner of Excise.

Section forty-two is amended by providing for a penalty of $50 for certain violations, in addition to the punishment and penalties otherwise imposed " to be recovered by the State Commissioner of Excise in an action brought in his name, as such commissioner, in any court of record in any county of the State."

The same section gives to the State Commissioner of Excise authority to bring an action in his name, as such, to recover the penalty provided for by section 38 — being for neglect of duty by any officer charged with the execution of the provisions of the act.

Thus it will be seen the amendments make the State Commissioner the party for the prosecution of all actions given by the statute, except under the 39th section, being for damages done by persons while intoxicated.

While a statute containing obscure or doubtful provisions for its execution cannot be held defective, because the Legislature sees fit subsequently to amend it in those particulars (*Rand* v. *Mass. Life Ins. Co.*, 18 Misc. 336-8) yet it seems to me that in this case, where the original statute contained no express provision for the prosecution of actions arising under it, the amendment explicitly conferring the power to sue upon the State Commissioner of Excise, it must be assumed the Legislature was

of opinion that the original statute was imperfect, and needed the amendment to give it efficacy. This is a legislative interpretation. The amendment may be considered in interpreting the original act. (*Smith* v. *The People,* 47 N. Y. 330; *People* v. *Smith,* 69 N. Y. 174; *The People ex rel. Savings Bank* v. *Butler,* 147 N. Y. 164.)

It may be suggested, though the plaintiff's counsel does not so claim in his brief, that section 1962 authorizes the bringing of this action. The title of the chapter of which that section is a part is "Actions in Behalf of the People," and an action under the section referred to must be in behalf of the People, and brought by the "attorney-general or the district attorney of the county in which the action is triable." This is not so brought.

It seems to me, therefore, that the plaintiff "The People of the State of New York ex rel. Henry H. Lyman," has no interest in this action, nor authority to sue; and that the complaint should be dismissed.