(24 Misc. Rep. 1.)

### In re STEENBURGH et al.

(Supreme Court, Special Term, Montgomery County. June, 1898.)

INTOXICATING LIQUORS—TAX—POPULATION OF TOWN—HOW DETERMINED.

Under Laws 1897, c. 312, § 11, subd. 2 (Liquor Tax Law), grading the tax for trafficking in liquors according to the population of the town where carried on, and providing that the tax in places having a population of less than 5,000 and more than 1,200 shall be $75, and in any other place $50; and subdivision 7, providing that, for the purpose of determining such tax, the state or else the federal census shall be used, and empowering the excise commissioner to cause a town to be enumerated when he has any doubt as to its population,—the excise commissioner cannot arbitrarily classify a town as having a certain population, and exact a corresponding tax.

Certiorari, on the relation of David D. Steenburgh and another, to review the action of a county treasurer in refusing relators a liquor license. License directed to be issued.

J. W. Atkinson, for petitioners.
Nussbaum & Coughlin, for respondent.

STOVER, J. Writ of certiorari to review the action of the county treasurer in refusing a certificate permitting the relators to engage in the traffic of liquors. The relators tendered to the county treasurer the sum of $50, and requested the issuance to them of a certificate. The certificate was refused upon the ground that the relators should have tendered $75 instead of $50. There is no contention that the population of the village of Waterford, the place within which the relators proposed to carry on the business, has been fixed, either by a state census or a United States census; and no enumeration of the village has been made by the commissioner of excise, under subdivision 7 of section 11 of the liquor tax law. By subdivision 2 of section 11 of the liquor tax law, it is provided that the tax for carrying on the business in a city or village having at the last state census a population of less than 5,000, but more than 1,200, shall be $75. By other provisions of the same section, a graded license, based upon the population as ascertained by the last state census, is provided for. And it is further provided that "in any other place" the tax shall be $50. "Any other place," as used in this connection, refers to a place the population of which has not been fixed by a state census. By subdivision 7 of section 11. it is provided:

"When the population of a city or village is not shown by the last state census, it shall be determined for the purposes of this act by the last United States census, and if not shown by reason of the incorporation of a new city or village, or by reason of not having been separately enumerated, the state commissioner of excise is authorized and directed to cause an enumeration of the inhabitants to be taken in such city or village, if the commissioner has any doubt as to the number of the population as affecting the amount of the excise tax assessed therein."

It is conceded upon the argument of this motion that there has been neither a state nor United States census of the village of Waterford, and that the commissioner of excise has not made an enumeration of said village. But the claim is made that the commissioner had no doubt as to the population of the village of Waterford, and therefore he had a right to fix the sum to be paid for a license at $75, as he had no doubt that the population exceeded 1,200. It is impossible for me to bring my mind to a concurrence in this interpretation of the statute. The object of the statute was to classify the cities, villages, hamlets, and towns of the state, so that any person desiring to obtain a certificate permitting him to engage in business might know the amount that he would be required to pay; and this was not to be left to chance, or the arbitrary determination of any individual. It was to be based, first, upon the state census; in the absence of a state census, upon a United States census; and, in the absence of both, a general classification was made, viz. "any other place,"—that is, a place where there had not been a census. This classification was complete, and except in instances where the commissioner might have doubt as to the correctness of this classification, because there had been a new incorporation, or because there had never been a separate enumeration, he was permitted to make a new census, and to take an enumeration of the inhabitants. If, upon such enumeration, it appeared that the population was greater or less, —whichever it might be,—the enumeration taken by the commission-

er was to control until there was a census taken by the state or federal authorities.    The law nowhere gives the commissioner power to classify, or to fix the tax for a certificate.    If it can be said that the commissioner may, wherever he has doubt as to the number of inhabitants in a locality in which a census has not been taken, change the amount of tax which might otherwise be paid, he might as well say he had no doubt there were over 5,000 people in a locality, as to say he had no doubt there were over 1,200; because, if this interpretation is to prevail, the statute has left him as the ultimate arbiter as to the number of inhabitants within such localities.    I cannot believe that this was the intention of the law, for it would absolutely prevent any review of the action of the commissioner when he has once acted.    How can it be determined that he had no doubt?    Who is to pass upon the question, and upon what is the review to be based? Under well-known rules of interpretation, where discretion is left to an official, and that has been once exercised, there is no power to review it.    Here, the commissioner, by simply stating that, through his mental operations, he had no doubt that there were a larger number of inhabitants than was contended for by the applicant, and he therefore fixed the tax at the larger amount, would completely foreclose any review of his action; for it will be noticed that the statute does not make it depend upon the fact as to whether there was or was not a larger number, but as to whether he had any doubt.    But a further inspection will show that that doubt which is to influence his action is only to influence his action in the taking of a census or enumeration.    If he has any doubt, he may have the inhabitants enumerated, but the statute nowhere gives him power to go beyond this, and fix the tax which ought to be paid, in the absence of an enumeration.    He may have no doubt as to the fact, and he is not called upon to explain the reason why he has an enumeration made; and, so far as the statute gives him power in making the enumeration, he cannot be interfered with.    If he has doubt, he may have the enumeration made; and if, upon that enumeration, the population warrants, the tax may be collected accordingly.    But this is as far as his discretion can go.    He has no right, in the absence of an enumeration, to fix the tax, or to refuse a certificate to one who would otherwise be entitled to it.

This disposes of the only question that was at issue in the case, and it follows that the applicants are entitled to the certificate demanded.    Ordered accordingly.