# DECISIONS

RELATING TO THE

# LIQUOR TAX LAW

## VOLUME 2

Third Appellate Department, January, 1899. Reported. 37 App. Div. 66.

In the Matter of the Separate Application of JOHN C. McGRIEVEY and Others, Respondents, for a Writ of Certiorari to Review the Action of BARTLETT B. GRIPPEN, as County Treasurer of Saratoga County, Appellant, in Refusing to Issue a Liquor Tax Certificate.

State Commissioner of Excise—Discretionary power of, to cause an enumeration of the inhabitants of a city or village—The Liquor Tax Law does not confer an arbitrary power upon him.

Section 11 of the Liquor Tax Law (Chap. 112, Laws of 1896, as amended by chap. 312, Laws of 1897), by which the State Commissioner of Excise is vested with discretionary power, when the population of a city or village is not shown by the last State census, to cause an enumeration of the inhabitants, if he has any doubt as to the number of the population, does not confer upon him an arbitrary power, if he states that he has no doubt as to the population, to fix the tax at an increased rate where no separate enumeration has been made which would authorize the rate established by him.

The enumeration of the inhabitants of a village, directed by the trustees thereof under the Village Law, is not, within the meaning of that section, the last State census.

APPEAL by Bartlett B. Grippen, as county treasurer of Saratoga county, from an order of a justice of the Supreme Court, entered in the office of the clerk of the county of Saratoga on the 9th day of June, 1898, made upon the return of a writ of certiorari issued in pursuance of section 28 of the Liquor Tax Law (Laws of 1896, chap. 112), directing that said treasurer issue to each of the applicants a liquor tax certificate under the provisions of subdivision 1 of section 11 of the Liquor Tax Law on the payment by each of the sum of $100 upon filing their application and bond.

It was claimed by the applicants that neither the State nor the United States census showed the population of the village of Waterford, where the business of the applicants was to be carried on. There had been no separate enumeration by the State Commissioner of Excise.

*Nussbaum & Coughlin,* for the appellant.

*J. W. Houghton* and *Thomas O'Connor,* for the respondents.

MERWIN, J.: The views of this court in *Lyman* v. *McGrievey* (25 App. Div. 68) sustain the order appealed from unless certain legislation in 1897 calls for a different result.

Subdivision 1 of section 11 of the Liquor Tax Law (Laws of 1896, chap. 112) fixes the amount of excise tax upon a certain kind of traffic according to the population as indicated by the last State census of the place where the traffic is carried on. After fixing the rates in cities and villages having a population of 5,000 and upwards, the statute provides that if the traffic is carried on in a village having by said census a population of less than 5,000 but more than 1,200, the tax is $200, and if in any other place, $100.

It was further provided in section 11, as originally enacted, that " when the population of a city or village is not shown by the last State census, it shall be determined for the purposes of this act by the last United States census, and if not so shown by reason of the incorporation of a new city or village, the State commissioner of excise is authorized and directed to cause an enumeration of the inhabitants to be taken in such city or village."

The clause last quoted was amended by chapter 312 of the Laws of 1897 so as to read as follows:

" When the population of a city or village is not shown by the last State census, it shall be determined for the purposes of this act by the last United States census, and if not shown by reason of the incorporation of a new city or village, or by reason of not having been separately enumerated, the State Commissioner of Excise is authorized and directed to cause an enumeration of the inhabitants to be taken in such city or village if the commissioner has any doubt as to the number of the population as affecting the amount of the excise tax assessed thereon."

It is claimed by the appellant that, under the act as amended, the State Commissioner of Excise, if he has no doubt as to the population, may fix the tax at an increased rate, although no separate enumeration has been made that would authorize it. Acting upon that theory, the State Commissioner, having, as he says, no doubt that the population of the village of Waterford, where the business of the applicants was carried on, was more than 1,200, fixed the tax at $200, and so certified to the appellant, and the appellant thereupon refused to issue a certificate unless such sum of $200 was paid.

The amendment vests in the commissioner a discretion as to whether or not he will make an enumeration, but it does not give him power, in the absence of an enumeration, to increase the tax according to his own idea of the population. An arbitrary power of that kind, if it can be given at all, needs to be given in express language.

In *Matter of Steenburgh* (24 Misc. Rep. 1) this question was quite fully and satisfactorily discussed, and need not be further discussed here.

We think that the contention of the commissioner in this regard should not prevail.

It is further claimed that an enumeration of the inhabitants of the village of Waterford, taken under the direction of the board of trustees of the village, in the month of January, 1898, in pursuance of section 310 of the Village Law (Chap. 414 of the Laws of 1897), should be deemed the last State census, and justified the action of the commissioner, as it indicated a population exceeding 1,200.

We are of the opinion that the enumeration directed by the trustees of the village under the Village Law is not " the last

State census " within the meaning of section 11 of the Liquor Tax
Law.

It follows that the order should be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.