(43 App. Div. 336.)

### BAKER v. BUCKLIN.

(Supreme Court, Appellate Division, Fourth Department. October 13, 1899.)

1. INTOXICATING LIQUORS—RECOVERY OF LICENSE PAID.
    The successor of a county treasurer to whom a sum had been paid for a liquor tax certificate, in excess of the fee required by statute, is not liable for the excess, where the money was all paid by his predecessor to the village and to the state, notwithstanding the successor has other moneys in his hands paid to him for like purposes.

2. SAME—VOLUNTARY PAYMENT.
    A voluntary payment for a liquor certificate, in excess of the amount required by statute, because of a mistake of the requirements of the law, cannot be recovered.

Appeal from special term, Herkimer county.

Action by Joseph W. Baker against Lorenzo O. Bucklin, individually and as county treasurer of Herkimer county. From a judgment dismissing the complaint (50 N. Y. Supp. 739), plaintiff appeals. Affirmed.

On or about May 1, 1896, John T. Kerrivan, as county treasurer of Herkimer county, issued to plaintiff, as a hotel keeper in the village of Herkimer, in said county, a liquor tax certificate, for which he received from the plaintiff the sum of $200. Neither in the last state census nor in the last United States census was the population of the village of Herkimer stated separately from the population of the town of Herkimer. Within 10 days after the receipt of the moneys by the said Kerrivan, he paid one-third thereof to the state treasurer, and two-thirds to the village of Herkimer, as he was required to do by the statute. Thereafter the plaintiff demanded a return of the $100 which had been paid in excess of the fee required by the statute. The term of office of the said Kerrivan expired, and this defendant became county treasurer, upon January 1, 1897. He received from the said Kerrivan such moneys and papers as were in his hands. Demand was also made of defendant for the return of said moneys, and this action was brought therefor. The plaintiff alleged in his complaint the payment of said moneys, and that the excess was paid by plaintiff, "on the demand of said county treasurer, under a mistake as to the requirements of the liquor tax law." Upon the trial of the action a jury was

waived, and the case was submitted to the court, which, after having considered the same, dismissed the complaint, with costs. From the judgment entered upon such decision this appeal has been taken.

Argued before HARDIN, P. J., and ADAMS, SPRING, and SMITH, JJ.

William J. Gardinier, for appellant.
Eugene E. Sheldon, for respondent.

SMITH, J. The plaintiff encounters two obstacles to his recovery. He has conceded upon the trial that the defendant is not liable individually. It appears from the evidence that he has none of the moneys which the plaintiff claims to have paid to his predecessor through mistake. Those moneys have all been paid, pursuant to the law, either to the state or to the village of Herkimer. The fact that defendant has other moneys in his hands, paid to him for like purposes, would not authorize him to pay the plaintiff's claim. As to the disposition of that fund the statute has given him explicit directions. It is nowhere provided that any part thereof may be held by the treasurer for the repayment of any moneys paid by mistake by other holders of certificates.

Again, the plaintiff, in his complaint, predicates his right to recover upon the ground that it was paid upon the demand of the said county treasurer, and under a mistake as to the requirements of the liquor tax law. It is difficult to see how the plaintiff can escape the rule of law that voluntary payments cannot be recovered. We are referred to no authority which holds that payment made under like circumstances can in any event be held to have been made under duress. A contrary rule of law seems to be held in the New Case, 91 Hun, 214, 36 N. Y. Supp. 211. We are unable to find any evidence of any mistake of fact upon which the payment was made. Such evidence would not have been admissible under the contract. In the Phelps Case, 112 N. Y. 219, 19 N. E. 409, Judge Gray, in writing for the court, says, "The principle is elementary that a party cannot recover back money paid, upon the ground that he supposed that he was bound in law to pay it." Without allegation or proof that the moneys were paid under a mistake of fact, the plaintiff's case seems barren of any substantial ground of recovery. It becomes unnecessary, then, to consider the other objections made to the plaintiff's recovery, and it follows that the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.