PEOPLE ex rel. FLINN et al. v. CULLINAN, State Excise Com'r.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. INTOXICATING LIQUORS—EXCISE TAX—RECOVERY OF PAYMENTS—MISTAKE OF
   FACT.

   Liquor Tax Law, Laws 1896, p. 52, c. 112, as amended by Laws 1903,
   p. 278, c. 115, § 11, subd. 2, provides for the assessment of an excise tax
   of $450 on liquor dealers in cities having a population of less than 500,000
   but more than 50,000, and of $300 in cities or villages having a popula-
   tion of less than 50,000 and more than 10,000. The state commissioner of
   excise caused to be made an enumeration of the inhabitants of a certain
   city, and found the number thereof to be in excess of 50,000; whereas
   at previous enumerations the population of the city had been less than
   50,000. Thereupon, the commissioner certified the result of his enumera-
   tion to the county treasurer, fixing the excise tax for that city at $450.
   Relators, who were liquor dealers in the city in question, and who had
   previously obtained liquor tax certificates for $300, paid the county treas-
   urer $450, and obtained a tax certificate, accompanying their payment with
   a written statement that they protested the amount of the increase in
   the tax over previous years. Held, that the payment made by relators
   was not made under a mistake of fact.

2. SAME—COMPULSORY PAYMENTS.

   The certificate of the state commissioner of excise to the county treas-
   urer, stating the result of the enumeration, and fixing the amount of the
   excise tax, did not compel relators to pay $450 instead of $300 for their
   liquor tax certificate, unless the state commissioner of excise was author-
   ized by law to make the enumeration.

3. CERTIORARI—GROUNDS—ACADEMIC QUESTIONS.

   Liquor Tax Law, Laws 1896, p. 52, c. 112, § 11, subd. 2, as amended by
   Laws 1903, p. 278, c. 115, provides for the assessment of an excise tax
   of $450 on liquor dealers in cities having a population of less than 500,000
   but more than 50,000, and of $300 in cities or villages having a popula-
   tion of less than 50,000 and more than 10,000. Section 13 of the law
   (Laws 1896, p. 55, c. 112, as amended by Laws 1903, p. 283, c. 115), re-
   quires one-half of the tax to be paid to the State Treasurer, and the
   other half to the city within 10 days after the receipt thereof. The
   state commissioner of excise caused to be made an enumeration of the
   inhabitants of a certain city, and found the number thereof to be in ex-
   cess of 50,000; whereas at previous enumerations the population of the
   city had been less than 50,000. Thereupon the commissioner fixed the
   excise tax for that city at $450. Relators, who were liquor dealers in
   the city in question, paid $450, for a tax certificate, and sued out a writ
   of certiorari to review the action and determination of the commissioner.
   Since the granting of the writ a state census was taken pursuant to Laws
   1905, p. 110, c. 83, so that the enumeration made by the commissioner was
   no longer effective. Held, that since relators could obtain no money or ef-
   fective relief by the proceeding, and the question as to the validity of the
   enumeration had become academic, there was no such final determination
   of relators' rights as to entitle them to a common-law writ of certiorari,
   and the writ previously granted would be dismissed.

Certiorari by the people, on the relation of Daniel F. Flinn, and an-
other, to review a determination of Patrick W. Cullinan, as state com-

missioner of excise in causing to be made an enumeration of the inhabitants of the county of Schenectady, and in certifying the same to the county treasurer. Writ dismissed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

Flinn & Roland (J. Newton Fiero, of counsel), for relators.

William E. Schenck (Theodore E. Hancock, of counsel), for respondent State Excise Com'r.

CHASE, J. The relators, for two years and more, prior to May 1, 1905, were partners engaged in the business of trafficking in liquors at Schenectady, N. Y. During that time they held a liquor tax certificate permitting them to traffic in liquors under subdivision 2, § 11, of the Liquor Tax Law (Laws 1896, p. 52, c. 112, as amended by Laws 1903, p. 278, c. 115). The city of Schenectady was incorporated in 1798. By the state census taken in 1892 the population of said city was found to be 22,858, and by the United States census taken in 1900, the population of the city was found to be 31,682. The population of said city increased very rapidly after 1900. By chapter 204, p. 537, of the Laws of 1902, the boundaries of said city were changed, by which change the area of said city was nearly doubled, and more than 8,000 inhabitants were added to said city by reason of such increase of territory. By chapter 371, p. 733, of the Laws of 1903, the several acts relative to the city of Schenectady were generally amended and consolidated. After the passage of said acts of 1902 and 1903, liquor tax certificates were granted to the relators to traffic in liquors under said subdivision 2 of section 11 of the liquor tax law on payment of $300, until 1905. Pursuant to the directions of the state commissioner of excise a special agent of said commissioner, commencing January 24, 1905, and ending January 30, 1905, made an enumeration of the inhabitants of said city, and found the number thereof to be 55,382. Said state commissioner of excise, on January 31, 1905, wrote a letter to the county treasurer of the county of Schenectady, of which the following is a copy:

"Pursuant to section 11 of the liquor tax law the department has caused to be taken an enumeration of the city of Schenectady, Schenectady county, N. Y., which enumeration was closed January 30, 1905, and by and from the result of such enumeration there has been ascertained and determined a population of 55,382 inhabitants in said city. The tax which will hereafter be assessed for liquor tax certificates issued for the city of Schenectady will be as follows: Subdivision 1, $750; subdivision 2, $450. * * *"

On May 1, 1905, the relators went to the county treasurer and paid to him $450, and obtained a liquor tax certificate under said subdivision 2 of section 11 of the liquor tax law for the year commencing that day. At the time of paying said money and taking such certificate, the relators filed with the county treasurer a letter signed by them, and directed to said county treasurer of which the following is a copy:

"Inclosed find our check to cover cost of license for ensuing year, we protest payment of increase in license over last year, amounting to one hundred and fifty ($150) dollars."

Thereafter, and on May 27, 1905, the relators presented their petition to the Supreme Court, and obtained the writ of certiorari now before us, in which writ they claim that the action and determination of the state commissioner of excise, in making said enumeration and certifying the same to the county treasurer of the county of Schenectady, was illegal, and they ask that the same may be reviewed and corrected. The $450 was not paid under a mistake of fact. Baker v. Bucklin, 43 App. Div. 336, 60 N. Y. Supp. 294. No effort was made by the relators to obtain from the county treasurer a liquor tax certificate on payment of $300. The certificate by the state commissioner of excise to the county treasurer, although evidence of the result of the enumeration taken by him, did not compel the relators to pay $450 instead of $300 for the liquor tax certificate, unless the statute authorized the state commissioner of excise to make the enumeration. Matter of McGreivey, 37 App. Div. 66, 55 N. Y. Supp. 599, affirming 161 N. Y. 645, 57 N. E. 1117; Lyman v. McGreivey, 25 App. Div. 68, 48 N. Y. Supp. 1035; Matter of Steenburgh, 24 Misc. Rep. 1, 53 N. Y. Supp. 197; People ex rel. Cramer v. Medberry, 17 Misc. Rep. 8, 39 N. Y. Supp. 207. The question as to the enumeration cannot arise on applications to issue liquor tax certificates hereafter, for since the granting of this writ a state census has been taken including the inhabitants of the city with its enlarged boundaries pursuant to chapter 83, p. 110, Laws 1905. It is unnecessary to discuss the question as to whether Schenectady was a "new city" in January, 1905, or as to whether the writ of certiorari provided by section 28 of the liquor tax law (Laws 1896, p. 69, c. 112), is exclusive of the common-law remedy by certiorari, because these questions as now presented are academic.

It is not contended that the relators can obtain any money or effective relief in this proceeding. By said section 13 of said liquor tax law (Laws 1896, p. 55, c. 112, as amended by Laws 1903, p. 283, c. 115), one-half of the taxes collected pursuant to the act must be paid by the county treasurer to the Treasurer of the state of New York, and one-half thereof to the city in which the traffic in liquor is carried on within 10 days after the receipt thereof. The statute operates upon the fund from the very moment of its collection (People ex rel. Einsfeld v. Murray, 149 N. Y. 367, 44 N. E. 146, 32 L. R. A. 344), and it is to be presumed that the money received by the county treasurer from the relators has been paid over as provided by the statute. The state commissioner of excise, to whom this writ is directed, is not in the possession of said moneys. The only purpose of this writ suggested to us is that if the relators can get an expression of the court as to the right of the state commissioner of excise to make the enumeration, as stated, that perchance some legislation may be obtained by which a claim can be presented against the state of New York for excess of liquor taxes paid by the relators, and have such claim heard and determined by the court of claims. We conclude that the directions of the state commissioner of excise in regard to said enumeration, and a certificate to the county treasurer, were not such final determinations of the rights of the relators as to entitle them to a common-law writ of certiorari to review said direction and certificate.

The writ of certiorari should be dismissed with $50 costs, and disbursements. All concur.