In the Matter of the Application of ANDREW M. HALL and AMI BOYER for a Certiorari Order against LOUIS H. HOOD and Others, Constituting the Board of Education of the Seneca Falls Union Free School District.

Supreme Court, Ontario Special Term, October, 1923.

Certiorari — review of action of annual meeting of voters of school district — application based on allegations of illegal procedure — when order will be denied.

Certiorari lies only to review a final determination affecting the legal rights of the petitioners, and where it is not made to appear that at the annual meeting for the year 1923 of the qualified voters of the Seneca Falls union free school district, final action was taken upon any subject, an application for an order of certiorari based solely on allegations of illegal procedure in the organization and conduct of the meeting will be denied, with costs.

MOTION for order of certiorari.

*Ernest G. Gould,* for petitioners.

*William S. MacDonald,* for respondents.

THOMPSON, J. In support of an application for an order of certiorari, petitioners allege that the annual school meeting of the qualified voters of the Seneca Falls union free school district for the current year was legally called, but that upon the convening and the organizing of the meeting the chairman illegally ruled: *First,* that the voting should be by taking and recording the ayes and noes; *second,* by refusing to put a motion duly made and seconded that the voting upon the school budget should be by ballot; and *third,* by again refusing to put said motion after an appeal had been duly and successfully taken from such ruling. In addition the petition recites that a motion to adjourn was duly made and seconded, which the said chairman arbitrarily ruled

out of order and refused to put; that said motion was finally put, by the mover thereof, and overwhelmingly carried and declared, without appeal or objection; and " that thereupon the said meeting duly adjourned in pursuance of said resolution, without voting any items of any budget or making any appropriation for the raising of any money whatsoever."

The order cannot be granted. There is no showing here of " a determination which finally determines the rights of the parties with respect to the matter to be reviewed." Civ. Prac. Act, § 1286.

Nor do the provisions of section 1310 of the Civil Practice Act modify or enlarge these plain requirements, the office of the section being to define the scope of the inquiry in case the order be granted. In nowise does this section make more liberal the provisions of section 1286, and in such respect they may not be read together. The constant tendency, both of the courts and the legislature, is to restrict the operation of this writ. 5 R. C. L. 250.

It is fundamental that certiorari will only issue to review a final determination. " The common law writ of certiorari issues to review only the decisions of inferior judicial or *quasi* judicial tribunals, thus the question first to be decided is whether or not the question sought to be reviewed is a judicial or *quasi* judicial decision or determination." *People ex rel. McNulty* v. *Maxwell*, 123 App. Div. 591, 594; *Devlin* v. *Platt*, 11 Abb. Pr. 398, 400; *Matter of Hamilton & Deane*, 58 How. Pr. 290.

It will not issue to consider academic questions or to correct errors in procedure; nor will it lie to revise or correct erroneous opinions or rulings however hurtful they may be to the individuals against whom they are expressed or directed. An order, judgment or determination affecting the rights of the prosecutors is necessary as a foundation for the use of the writ. 11 C. J. 127; 1 Fiero Par. Act. & Pro. 184, 188, 206; *People ex rel. Flinn* v. *Cullinan*, 111 App. Div. 32.

" Some legal right, some substantial and finally determined legal right, of the relators must be involved before the order will lie." *People ex rel. Cohen* v. *York*, 43 App. Div. 138; *Matter of Weeks*, 97 id. 131.

It is not shown here that this meeting took final action upon any subject, the application being solely based upon allegations of illegal procedure. Nowhere is there claim that a single measure, involving substantial rights, was decided or even considered; only questions of method and order received its attention. And the last paragraph proper of the petition recites that no item of the budget and no appropriation was voted. Certiorari cannot issue upon such facts.

" The petition is the pleading and its purpose is to set in motion

the statutory proceeding. It must show a proper case for the issuing of the order or it falls." *People ex rel. Empire Mortgage Co.* v. *Cantor,* 190 App. Div. 512; *Matter of Schroeder,* 187 N. Y. Supp. 680.

The application is denied, with costs.

Ordered accordingly.